Matter of Ashley v Jackson (2020 NY Slip Op 03573)





Matter of Ashley v Jackson


2020 NY Slip Op 03573


Decided on June 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 25, 2020

526278

[*1]In the Matter of Carmen S. Ashley, Respondent,
v
Dia L. Jackson, Appellant.

Calendar Date: May 21, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Norbert A. Higgins, Binghamton, for appellant.
Joseph Kirby, Ithaca, for respondent.
Pamela Doyle Gee, Big Flats, attorney for the child.



Aarons, J.
Appeal from an order of the Family Court of Chemung County, (Tarantelli, J.), entered January 17, 2018, which, in a proceeding pursuant to Family Ct Act article 4, committed respondent to jail for 20 days.
Pursuant to a 2011 order, respondent was required to make monthly child support payments to petitioner. After respondent failed to make the requisite payments, petitioner commenced this enforcement proceeding. Following hearings, a Support Magistrate found that respondent willfully disobeyed the 2011 order and recommended that he be incarcerated for 20 days. Family Court subsequently confirmed the Support Magistrate's findings. In a separate order of commitment entered in January 2018, the court sentenced respondent to 20 days in jail. Respondent appeals from the January 2018 order.
This Court has been advised that respondent has served the 20-day sentence. In view of this, respondent's appeal from the January 2018 order is moot (see Matter of Essex County Dept. of Social Servs. v Kubik, 178 AD3d 1301, 1302 [2019]; Matter of Simmes v Hotaling, 173 AD3d 1387, 1388 [2019]; Matter of Madison County Support Collection Unit v Drennan, 156 AD2d 883, 883 [1989]). Furthermore, the exception to the mootness doctrine does not apply (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]) and, therefore, the appeal must be dismissed. To the extent that respondent raises arguments with respect to the finding of willfulness or with what transpired at the hearings before the Support Magistrate, they are not properly before us (see Matter of Simmes v Hotaling, 173 AD3d at 1387-1388).
Egan Jr., J.P., Mulvey, Pritzker and Colangelo, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.